SIXTEENTH JUDICIAL DISTRICT COURT

PARISH OF IBERIA

STATE OF LOUISIANA

CURTIS OZENNE

VERSUS                                              DOCKET NUMBER: 120444-C

DEPUTY JASON COMEAUX, ET AL

---

## AFFIDAVIT

---

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned Notary Public, personally came and appeared WESLEY HAYES, who, after first being duly sworn, stated as follows:

On or about April 29, 2011, I, Wesley Hayes, was the Warden of the Iberia Parish Sheriff's Office Jail.

On or about April 29, 2011 a search of the Iberia Parish Jail was being conducted to retrieve suspected contraband.

Due to an escalation in inmate non-compliance in the unit being searched I contacted Chief Deputy Russell "Toby" Hebert.

The IMPACT team, patrol officers, narcotics officers, detectives, Bert Berry, Patrol Commander Rickey Boudreaux, Narcotics/Detectives Commander Gerald Savoie, Chief Deputy Hebert and Sheriff Louis Ackal came to the jail to assist at the direction of an unknown authority.

After the responding officers took control of the unit the inmates were escorted to the Periodics recreation yard to be strip-searched.

At some point during the search Narcotics Agent Ben Lasalle requested that I meet him at the Recreation Door and upon arrival asked me if we had any rooms in the jail without audio/video recording devices. I informed Agt. Lasalle that our jail chapel did not have any devices that recorded.

DEFENDANT'S EXHIBIT F

Agt. Lasalle called for an inmate, later identified as Curtis Ozenne, and I escorted both Agt. Lasalle and Mr. Ozenne to the jail chapel. This exchange took place in the presence of Sheriff Louis Ackal.

I opened the door to allow Agt. Lasalle and Mr. Ozenne to enter, at which time Agt. Lasalle asked me to enter and close the door.

The windows of the chapel had vinyl sheets on them to obstruct the view of the room from the outside hallway, due to the chapel being used as a common area for strip searches, therefore at this time, no one could see inside of the chapel.

Once inside the room I observed Agt. Lasalle order Mr. Ozenne to lie on the floor face down, to which Mr. Ozenne complied.

I observed Agt. Lasalle pull out his baton as he began to ask Ozenne about some obscene comments that were made, pointing out that he (Agt. Lasalle) believed that the comments came from Mr. Ozenne. As Mr. Ozenne denied making any comments Agt. Lasalle struck Mr. Ozenne several times with the baton. Mr. Ozenne was struck approximately twelve times on his legs, back, arms and side while he continued to lie face down on the floor, and began to cry. I did not observe Mr. Ozenne resist or take any aggressive action towards Agt. Lasalle.

I observed Mr. Ozenne tell Agt. Lasalle that he knew who made the comments, stating that it was a "white boy" who was next to him (Mr. Ozenne), named Scott. At this point Mr. Ozenne was escorted out of the chapel and brought back to the recreation yard, and inmate Scott Spears was escorted to the chapel. Narcotics Agent Wade Bergeron and approximately two more unknown officers escorted Mr. Spears into the chapel area.

Agt. Lasalle then ordered Mr. Spears to kneel down on the floor and began to question Spears about the comments, as he did with Ozenne. Spears denied making the comments, and Lasalle struck Spears approximately two or three times with the baton. Spears continued to deny making the comments.

During his conversation with Mr. Spears, Agt. Lasalle learned that Mr. Spears was accused of perpetrating a sex crime. Agt. Lasalle then placed the baton between his legs from behind, as if it were his penis. Agt. Lasalle ordered Spears to suck on the baton as if he were performing oral sex. As Spears complied, the other officers present laughed, and as I looked away, I could hear Spears choking as if the baton was being thrust to the back of his throat. After this went on for approximately a minute, Spears was escorted back to the recreation yard.

2

EXHIBIT
A (2 of 3)

At the time of the aforementioned incidents involving use of force I was not in command of the operation, nor did I authorize or participate in the acts of use of force as described above.

That all of said allegations are true and correct to the best of his knowledge, information and belief.

FURTHER AFFIANT SAYETH NOT.

_____
WESLEY HAYES

WITNESS:

_____

THUS DONE AND SIGNED BEFORE ME, Notary Public on this 6th day of August, 2014, at Lafayette, Louisiana

_____ Bar #33639
NOTARY PUBLIC

3

**EXHIBIT A (3 of 3)**